People of the State of Illinois, Plaintiff-Appellee, v.
Billy T. Scott (Impleaded), Defendant-Appellant.

**Gen. No. 52,999.**

First District, Second Division.

March 24, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Justine I. Knipper and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

Billy T. Scott was convicted, following a jury trial, of the offense of burglary (Ill Rev Stats (1965), c 38, § 19-1). Judgment was entered on the verdict and he was sentenced to a term of not less than four nor more than eight years in the Illinois State Penitentiary. In this appeal the defendant contends that the trial court erred: (1) in denying his motion for a directed verdict at the close of the State's evidence; (2) in denying his motions to strike answers of a State's witness alleged to be prejudicial; and (3) in instructing the jury.

The burglarized premises were occupied by, and the items taken were the property of, the Lawrence C.

Brady Printing Company. Lawrence Brady, Jr., manager of the company, testified for the prosecution. He arrived at work at approximately 7:40 on the morning of December 30, 1966, and discovered that the premises had been burglarized. Entry had been effected by forcing the rear doors, the outer door being constructed of steel and the inner of wood. The office, located in the front of the printing shop, was in a state of disarray. Missing from the office were a check protector, electric typewriter, adding machine, and a number of blank company payroll checks. The payroll checks had been kept in an unlocked drawer in witness' desk. Those discovered to be missing were number 686 through 1119, inclusive. Other payroll checks, bearing both lower and higher numbers, were strewn about the office.

State's exhibits two through five were identified by Mr. Brady as payroll checks of the Brady Printing Company and bore the numbers 742, 743, 750 and 740. Mr. Brady also testified that the signatures appearing as those of the drawer of the checks were not his, nor were they the signatures of his father, owner of the enterprise. Finally, Mr. Brady testified that the designated payee on each of the checks marked as exhibits, Thomas A. Boyd, is a person unknown to him and he did not authorize anyone to write the checks.

On cross-examination Mr. Brady testified as follows: The company printed its own payroll checks. After printing and a determination that they are in numerical order, they are packaged and kept in his desk to be used as needed. When a package is opened no additional effort is made to ascertain if all the checks are in the package. Mr. Brady additionally testified that he did not know to a certainty that the checks marked as exhibits two through five were in his desk when he left work on December 29, 1966, and therefore he did not know to a certainty that they were taken in the burglary which took place between the time

he left the shop on December 29, and returned on December 30, 1966.

Other testimony was heard establishing defendant's possession of the exhibits following the date of the burglary. That evidence, except insofar as set out below, is not relevant to the issues raised in this appeal.

■ In support of his contention that the trial court erred in denying his motion for a directed verdict, defendant argues that the testimony of Mr. Brady, the only witness to testify regarding the ownership and unlawful taking of the checks in question, did not conclusively establish that they were taken in the burglary with which he was charged. We agree. However, the evidence presented did establish the fact of a burglary, that other items were missing from the office in which the checks were customarily kept, and that other checks bearing numbers both lower and higher than those traced to defendant's possession were strewn about the office. We believe that the evidence presented was sufficient to establish a basis from which the jury, as triers of fact, could reasonably conclude that the checks in question were taken in the burglary for which defendant stood accused. It follows that the evidence presented by the State was sufficient to support a verdict of guilty and therefore the trial court was correct in denying defendant's motion for a directed verdict (Ill Rev Stats (1965), c 38, § 115–4(k)).

Defendant next complains of the trial court's denial of his motions to strike two answers given by Sergeant William Kearney, called by the State in rebuttal. Sylvester Smith, a codefendant called as a witness for the defense, had testified that he had never had a conversation with Sergeant Kearney in which he stated that he had received a Brady Printing Company payroll check in payment for two suits of clothes sold to the defendant. When called in rebuttal, Sergeant Kearney testified that he had arrested Smith in connection with

the instant case after he, Smith, had cashed one of the checks discovered to be missing following the burglary. The officer further testified that when he questioned Smith concerning his acquisition of the check which he had cashed, Smith stated that he had received it in payment for two suits of clothing which he had sold to a person known to him only as "Billy the pimp." (The witness later testified that Smith subsequently identified defendant by name and as the person referred to above.) The defendant objected to the quoted portion of the answer and moved that it be stricken. The motion was denied and the jury immediately instructed as follows:

> "There was an objection to the phrase: 'Billy the pimp.' The court has overruled the objection and the answer may stand. But the jury is advised that it is standing merely as evidence of a conversation that this officer testifies he has (sic). It has no probative value whatsoever as to any activity that this Billy, that he refers to, might have been engaged in."

In support of his contention that denial of his motion to strike constitutes reversible error, defendant argues that the statement characterized him as an evil person and made reference to a misdemeanor, which would not have been properly admitted even for the purpose of impeachment had defendant elected to testify and had his commission of such an offense been subject to proof by competent evidence. The total effect of the characterization, it is asserted, served to so prejudice the jury against the defendant as to deny him a fair trial. We agree that such a characterization is potentially highly prejudicial to a defendant. It must be noted however, that here it was not the witness who made the characterization. He merely related the sub-

stance of a conversation in which the characterization was made. Moreover, the limiting instruction promptly given by the trial court was sufficient to remove the potential prejudice from becoming manifest.

Defendant's second allegation of error with respect to the trial court's denial of his motion to strike an answer of Sergeant Kearney arises from the following testimony:

> Q. "Now, Officer, I'll ask you to look at the defendant in this cause. Have you ever seen this man before this trial?
>
> A. "Yes. I have seen him almost every month."
>
> MR. GALKA: "Objection."

Following a side bar conference, the question and answer were allowed to stand and the following question was put to the witness:

> Q. "Officer, when you say you have seen him in court, you have seen him relative to this case and this case only, is that correct?"
>
> A. "That's correct."

Defendant contends that the answer to the first question above implies that he was well known to the police and seen often by them as a result of his having been engaged in other and widespread criminal activities, and that the answer to the second question does not serve to correct the resultant prejudice to him. We find this contention to be without merit. The second question and the answer thereto clearly indicate that the familiarity of the witness with defendant was based upon previous encounters all of which were related to the cause then on trial. No inference of other criminal activities prejudicial to the defendant can be inferred from such a reference absent some implication regarding defendant's conduct or tactics at those appearances.

■ Finally, defendant contends that the trial court's giving of the following instruction to the jury constitutes reversible error:

"The exclusive possession, shortly after the commission of a burglary, of stolen property, the proceeds of the crime, if unexplained, may of itself raise an inference of guilt of the person having such possession, sufficient to authorize a conviction in the absence of any other evidence of facts or circumstances in evidence which leave in the mind of the jury a reasonable doubt as to the guilt of such person."

Defendant argues that the giving of the instruction was error in that it assumes a fact not proven; i. e., that the evidence in the case did not establish that the checks traced to his possession were the fruits of the burglary. This argument falls as we have already held that the evidence presented to the jury was sufficient for them to conclude that the checks in question were taken in the burglary and thus the instruction was properly given.

■ It is next argued that the instruction shifts the burden of proof to the defendant in contravention of the well established principle that the burden of proof in a criminal case rests with the prosecution and never shifts to the defendant. We do not agree. The instruction merely states that when certain facts are found to exist an inference may be drawn therefrom and the inference, if drawn, is sufficient to authorize a finding of guilty unless from other facts and circumstances in evidence there remains a reasonable doubt of guilt. It does not require the defendant to prove his innocence, but rather informs the jury that they may return a verdict of guilty founded upon the specified inference provided the facts required to support the inference, also specified, are found to exist. See discussion

436

in People v. Hanson, 97 Ill App2d 338, 240 NE2d 226 (1968).

 We also find the contention of defendant that the instruction wrongfully comments upon his failure to testify to be without merit. The instruction merely sets forth a rule long established in this jurisdiction with respect to the sufficiency of the evidence in a burglary prosecution. No specific reference is made to the evidence or whether it has been contradicted by the defendant.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

McCORMICK, P. J. and BURKE, J., concur.